CLARENCE E. TOWNLEY, Plaintiff, v. HENRY E. BRUCKMAN and Others, Constituting the New York State Liquor Authority and Others, Defendants.— Determination of New York State Liquor Authority confirmed and proceeding dismissed, with fifty dollars costs and disbursements. Memorandum: The law itself authorizes the hearing to be conducted by such a subordinate officer as conducted the hearing in this case and the strict rules of evidence are not applicable to such hearings. We find that the local rule as to closing hours was sufficiently established by oral proof and the admission of the petitioner-licensee. All concur. (Certiorari proceeding under article 78 of the Civil Practice Act to review the action of the State Liquor Authority in revoking a liquor license.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

IRENE O'BYRNE, as Executrix, etc., of MAURICE C. FITZGERALD, Deceased, Appellant, v. WILLIAM J. MEREDITH, Respondent.— Judgment affirmed, with costs. Memorandum: The plaintiff offered proof entirely circumstantial to establish defendant's negligence but in our opinion the proof offered lacks sufficient cogency to warrant a submission of the question of negligence to the jury. Even if the jury found that the defendant in the exercise of care should have seen the approaching car in which the plaintiff's intestate was riding as a passenger, still the evidence is insufficient to show any careless conduct on the part of the defendant resulting in the accident, judging his actions as those of a driver who knew and appreciated the fact that the other car was approaching. All concur, except Dowling, J., who dissents and votes for reversal on the law and a new trial on the ground that it was for the jury and not the court to draw the inferences from the established facts. (The judgment dismisses the complaint in an automobile negligence action.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

LILLIAN HAMMOND, Respondent, v. CHARLES M. HAMMOND, Appellant.— Order affirmed, with ten dollars costs and disbursements. Memorandum: This was a discretionary matter and we do not find that the discretion was abused. All concur. (The order awards counsel fees and disbursements on an appeal in a separation action.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.